# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**RUSSELL REED**                                                    **PLAINTIFF**
*#90765*

**v.**                           **NO. 4:25-cv-00557-JM-PSH**

**TURNKEY HEALTH CLINICS, LLC,** *et al.*              **DEFENDANTS**

## <u>ORDER</u>

Plaintiff Russell Reed, an inmate at the Pulaski County Detention Center, filed this *pro se* 42 U.S.C. § 1983 action by filing a complaint and addenda (Doc. Nos. 2, 8 & 10).  Reed brings official capacity claims against defendants Turnkey Health Clinics, LLC and LPN Christopher Booth (the "Defendants") and seeks compensatory, punitive and nominal damages.  *See* Doc. No. 2 at 6.

Defendants move to dismiss Reed's claims against them for failure to state a claim upon which relief may be granted.  Doc. Nos. 12-13.  Defendants argue that Reed has not stated a viable official capacity constitutional claim against either defendant and urge the Court to decline to exercise supplemental jurisdiction with respect to any State law negligence claims[1] asserted by Reed.  Reed filed a response

---

[1] *See ACLU v. City of Florissant,* 186 F.3d 1095, 1098-99 (8th Cir. 1999) ("[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity.").  *See also Condor Corp. v. City*

to the Defendants' motion (Doc. No. 16).  In his response, Reed includes additional factual allegations that were not present in his original complaint and addenda.

The Court cannot consider allegations outside Reed's original complaint and addenda when making a recommendation on the Defendants' motion to dismiss.  *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998) ("When analyzing a dismissal under Rule 12(b)(6), we accept the factual allegations *contained in the complaint* as true and construe them in the light most favorable to the plaintiff.") (emphasis added).  Accordingly, the Court will allow Reed the opportunity to amend his complaint.  If he intends to do so, he must file an Amended Complaint by May 15, 2026.  Reed should include all relevant facts in his Amended Complaint.  He should describe Booth's involvement in the alleged violation of his rights and explain why he sues Booth in his official capacity only.[2]  If Reed does not

---

*of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("The judicial resources of the federal courts are sparse compared to the states. We stress the need to exercise judicial restraint and avoid state law issues wherever possible.").

[2] Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62

file an Amended Complaint, the Court will consider only the factual allegations present in Reed's Complaint (Doc. No. 2) and Addenda (Doc. Nos. 8 & 10) when the Court analyzes the Defendants' pending Motion to Dismiss (Doc. No. 12). If Reed timely files an Amended Complaint, the Defendants shall have 21 days to file a new motion to dismiss or otherwise respond to the Amended Complaint.[3]

The Clerk of Court is directed to send a blank § 1983 complaint form to Reed. Reed is cautioned that an Amended Complaint renders his existing complaints without legal effect; only claims properly set out in the Amended Complaint will be allowed to proceed.

IT IS SO ORDERED this 14th day of April, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

(1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362.

*Gorman*, 152 F.3d at 914.

[3] If Reed timely files an Amended Complaint, the undersigned will recommend Defendants' pending motion to dismiss be denied as moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).