# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**RUSSELL REED**                                                    **PLAINTIFF**
**#90765**

**v.**                                    **NO. 4:25-cv-00557-JM-PSH**

**TURNKEY HEALTH CLINICS, LLC, *et al.***                     **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I.  Introduction

Plaintiff Russell Reed, an inmate at the Pulaski County Detention Center, filed this *pro se* 42 U.S.C. § 1983 action by filing a complaint and addenda (Doc. Nos. 2, 8 & 10).  Reed brings official capacity claims against defendants Turnkey Health Clinics, LLC ("Turnkey") and LPN Christopher Booth ("Booth") (collectively the

"Defendants") and seeks compensatory, punitive and nominal damages. *See* Doc. No. 2 at 6.

Defendants move to dismiss Reed's claims against them for failure to state a claim upon which relief may be granted. Doc. Nos. 12-13. Reed filed a response to the Defendants' motion (Doc. No. 16). In his response, Reed includes additional factual allegations that were not present in his original complaint and addenda. Accordingly, the Court gave Reed the opportunity to amend his complaint to include all relevant facts. *See* Doc. No. 25. The Court warned Reed that it would consider only the factual allegations present in Reed's complaint and addenda (Doc. Nos. 2, 8 & 10) when the Court analyzes the Defendants' pending Motion to Dismiss if he did not file an amended complaint. *Id*. Reed subsequently filed a notice stating that he would not file an amended complaint (Doc. No. 26). As explained herein, the undersigned recommends that the Defendants' motion be GRANTED.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).  In *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the

case, and exhibits attached to the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (partially upholding 1915A preservice dismissal and noting "materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint").

### III. Analysis

Reed broke a tooth on October 5, 2024, while he was incarcerated at the Pulaski County Detention Facility.  Doc. No. 2 at 4.  He alleges he submitted an emergency sick call to be seen by a dentist and was seen by a provider on October 7, 2024.  *Id.*  He claims he was told that he had to put in three sick call requests before he could see a dentist pursuant to Turnkey's protocol.  *Id.*  Reed claims he did so, but was not seen by a dentist despite intense pain and elevated blood pressure.  *Id.* at 4-5.  He claims that "what Turn-Key done to me, was like telling a man with a broken arm, we are going to wait, 4 or 5 months to see if your arm set's itself, and starts to mend. If it doesn't, we might do something."  *Id.* at 5.  In an addendum to his complaint, he alleged:

> I was given pain meds, throughout the whole protocol procedure, which took about (6) months.  Acknowledgement of my pain and discomfort. I was given anti-biotics, to kill infection, and to stop an abcyess, that was forming, due to food particles, getting caught, in the broken pieces of tooth. . . . After all the protocol, and sick call visits, still no trip to the dentist.  I filed the claim, the tooth was pulled days later, 06-26-2025.

Doc. No. 10 at 1-2.  In both his complaint and first addendum, Reed indicated he sued the Defendants in their official capacities only.  Doc. No. 2 at 2; Doc. No. 8 at 3. He claims that the Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment, and that they committed gross negligence. Doc. No. 2 at 5; Doc. No. 10 at 1.

Defendants argue that Reed has not stated a viable official capacity constitutional claim against either defendant and urge the Court to decline to exercise supplemental jurisdiction with respect to any State law negligence claims asserted by Reed.  Doc. Nos. 12-13. The Court agrees, as explained below.

To maintain a § 1983 claim against Turnkey, as the jail's medical provider, a plaintiff "must show that there was a policy, custom, or official action that inflicted actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (discussing a § 1983 claim against a prison medical provider); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993).  Reed alleges that Turnkey had a policy that required him to place three sick call requests before he could be seen by a provider.  Doc. No. 2 at 4-5.  He alleges he complied with this policy but was still not sent to a dentist until after he filed this lawsuit.  *Id.*; Doc. No. 10 at 2.

The facts asserted by Reed establish that the delay in receiving dental treatment was not caused by a policy created and maintained by Turnkey. They instead establish that Turnkey's staff did not follow its policy as alleged by Reed, in

that they failed to send him to a provider after three sick call requests. Inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). Reed's Eighth Amendment deliberate indifference claims against Turnkey should therefore be dismissed for failure to state a claim upon which relief may be granted.

Additionally, to maintain an official capacity claim against Booth, Reed must allege that Booth's actions were due to a policy or custom created and maintained by Turnkey. As explained by the Eighth Circuit Court of Appeals in *Gorman v. Bartch*:

> Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. [*Hafer v. Melo*], 502 U.S. [21] at 24-27, 112 S.Ct. [358] at 361-62 (1991).

152 F.3d 907, 914 (8th Cir. 1998). Reed does not specifically describe Booth's involvement in his complaint and addenda, but to the extent he claims that Booth was the provider that treated his dental issues but did not send him to the dentist, he does not claim that Booth's actions were due to a policy or custom created and maintained by Turnkey. Accordingly, Reed's Eighth Amendment deliberate indifference claims against Booth should be dismissed for failure to state a claim

upon which relief may be granted.

Finally, because Reed's constitutional claims against the Defendants are subject to dismissal, the Court should decline to exercise supplemental jurisdiction over his pending State law negligence claims pursuant to 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction, . . .").  *See e.g., ACLU v. City of Florissant,* 186 F.3d 1095, 1098-99 (8th Cir. 1999) ("[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity.").  *See also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("The judicial resources of the federal courts are sparse compared to the states. We stress the need to exercise judicial restraint and avoid state law issues wherever possible.").

## IV.  Conclusion

For the reasons stated herein, it is recommended that the Defendants' motion to dismiss (Doc. No. 12) be GRANTED.  Reed's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted, and the Court should decline to exercise supplemental jurisdiction with respect to any State law negligence claims.

IT IS SO RECOMMENDED this 26th day of May, 2026.

_____

UNITED STATES MAGISTRATE JUDGE