**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**RUSSELL REED** **PLAINTIFF**
***#90765***

**v.** **NO. 4:25-cv-00557-JM-PSH**

**TURNKEY HEALTH CLINICS, LLC, *et al.*** **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Russell Reed, an inmate at the Pulaski County Detention Center, filed this *pro se* 42 U.S.C. § 1983 action on June 6, 2025, by filing a complaint and addenda (Doc. Nos. 2, 8 & 10). Reed sued defendants Turnkey Health Clinics, LLC ("Turnkey") and LPN Christopher Booth ("Booth") (collectively the "Defendants")

in their official capacities and seeks money damages. The Defendants moved to dismiss Reed's complaint for failure to state an actionable claim (*see* Doc. Nos. 12-13), and Reed filed a response which included additional factual allegations that were not present in his original complaint and addenda (Doc. No. 16). The Court then gave Reed the opportunity to amend his complaint to include all relevant facts. *See* Doc. No. 25. Reed subsequently filed a notice stating that he would not file an amended complaint (Doc. No. 26). On May 26, 2026, the undersigned recommended the Defendants' motion to dismiss be granted (Doc. No. 27). In response, Reed requested another opportunity to amend, which was granted. *See* Doc. Nos. 28-29. Reed filed his superseding amended complaint on July 9, 2026 (Doc. No. 33).

On July 23, 2026, Defendants filed a second motion to dismiss Reed's claims against them for failure to state a claim upon which relief may be granted. Doc. Nos. 40-41. Reed responded to the Defendants' motion (Doc. Nos. 46-47), and the Defendants filed a reply (Doc. No. 50). As explained herein, the undersigned recommends that the Defendants' motion to dismiss be GRANTED.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To survive a motion to dismiss under Rule 12(b)(6), a

complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). In *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (partially upholding 1915A preservice dismissal and noting "materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint").

## III. Analysis

### *A. Reed's Amended Complaint*

Reed broke a tooth on October 5, 2024, while he was incarcerated at the Pulaski County Detention Facility. Doc. No. 33 at 5. He alleges he submitted an emergency sick call to be seen by a dentist and was seen by a provider on October 7, 2024.[1] *Id.* He claims he was told that he had to put in three sick call requests before he could see a dentist pursuant to Turnkey's protocol. *Id.* Reed claims he later learned that this protocol has a 37-day limit but that a provider could have put him on the dental list at any time to have his tooth pulled. *Id.*

[1] Reed later alleges that he first saw LPN Swan on November 20, 2024. Doc. No. 33 at 6.

Reed further alleges that he had a second sick call for dental issues on December 25, 2024, where he was seen by Booth. *Id.* at 5. He alleges that Booth described himself as "the Gatekeeper" for the dentist and the "head nurse in charge." *Id.* Reed then generally alleges that Booth abused the dental policy by "initiating the process only a few days before the (37) day deadline for protocol use" and by failing to place Reed on the dental list to see Dr. Macdonald. *Id.* at 7. Reed further claims that Booth subjected him to pain for an "unsubstantiated" period of time (about 275 days) by not sending him to the dentist despite knowing that he had dental pain. *Id.* at 7-8. Reed also states that he suffered extreme, emotional distress because of Booth's decision not to extract the tooth as evidenced by his high-blood pressure readings in January and December of 2024. *Id.* at 8.

Reed compares his experience with Booth in 2024 to more recent treatment for a different tooth. He alleges that he placed a dental request to someone other than Booth on June 19, 2026, where he stated that he has "toothache pain and the beginning of an abcyess [sic]." *Id.* at 4, 11. He claims to have had a dental visit that same day. *Id.* at 6. Reed states that he was seen by the dentist a week later, and his tooth was pulled on June 26, 2026. *Id.* at 4, 6, 11.

Reed sues Defendants in their official capacities only. *Id.* at 2. He claims that the Defendants were deliberately indifferent to his medical needs in violation of the

Eighth Amendment, and that they committed gross negligence and intentional infliction of emotional distress. *Id.* at 8-9.

***B. Defendants' Motion***

Defendants argue that Reed has not stated a viable official capacity constitutional claim against either defendant and ask the Court to decline to exercise supplemental jurisdiction with respect to any State law claims asserted by Reed. Doc. Nos. 40-41. The Court agrees, as explained below.

***C. Analysis***

To maintain a § 1983 claim against Turnkey, as the jail's medical provider, a plaintiff "must show that there was a policy, custom, or official action that inflicted actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (discussing a § 1983 claim against a prison medical provider); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Reed alleges that Turnkey had a policy that required him to place three sick call requests before he could be seen by a provider. Doc. No. 33 at 5. He alleges he complied with this policy but was still not sent to a dentist until after he filed this lawsuit. *Id.* Reed further alleges that despite this policy, Booth had the discretion to send him to a dentist at any point for immediate treatment (as another provider did so in June of 2026), but did not do so. *Id.* at 5-8.

Reed does not allege any delay in receiving dental treatment was caused by a policy created and maintained by Turnkey. Rather, he alleges that Booth did not follow the applicable policy when he failed to send him to a provider immediately or once he submitted three sick call requests. Inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). Reed's Eighth Amendment deliberate indifference claims against Turnkey should therefore be dismissed for failure to state a claim upon which relief may be granted.

Additionally, to maintain an official capacity claim against Booth, Reed must allege that Booth's actions were due to a policy or custom created and maintained by Turnkey. As explained by the Eighth Circuit Court of Appeals in *Gorman v. Bartch*:

> Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. [*Hafer v. Melo*], 502 U.S. [21] at 24-27, 112 S.Ct. [358] at 361-62 (1991).

152 F.3d 907, 914 (8th Cir. 1998). Again, Reed claims that Booth was the provider who treated his dental issues but did not send him to the dentist soon enough despite his complaints of pain and high blood pressure; he does not claim that Booth's

actions were due to a policy or custom created and maintained by Turnkey which is necessary to state a viable Eighth Amendment claim against Booth in his official capacity. Accordingly, Reed's Eighth Amendment deliberate indifference claims against Booth should be dismissed for failure to state a claim upon which relief may be granted.

Finally, because Reed's constitutional claims against the Defendants are subject to dismissal, the Court should decline to exercise supplemental jurisdiction over his pending State law claims pursuant to 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction, . . ."). *See e.g., ACLU v. City of Florissant,* 186 F.3d 1095, 1098-99 (8th Cir. 1999) ("[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity."). *See also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("The judicial resources of the federal courts are sparse compared to the states. We stress the need to exercise judicial restraint and avoid state law issues wherever possible."). Reed may raise his State law claims in State court.

## IV. Conclusion

For the reasons stated herein, it is recommended that the Defendants' motion to dismiss (Doc. No. 40) be GRANTED. Reed's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted, and the Court should decline to exercise supplemental jurisdiction with respect to any State law claims.

IT IS SO RECOMMENDED this 26th day of October, 2026.

UNITED STATES MAGISTRATE JUDGE